UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT GRAHAM (#99451)

VERSUS                                         CIVIL ACTION

DAVE ANKENBRAND, ET AL                         NUMBER 11-92-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, October 4, 2011.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT GRAHAM(#99451)

VERSUS                                                CIVIL ACTION

DAVE ANKENBRAND, ET AL                                NUMBER 11-92-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the parties' motions for summary judgment. Record document numbers 22 and 27.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and social workers Dave Ankenbrand and Carol Duthu Gilcrease.[1] Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights. Plaintiff sought monetary damages and declaratory and injunctive relief.

Defendants moved for summary judgment relying on a statement of undisputed facts, the affidavits of Burl Cain, David Ankenbrand and Carol Duthu Gilcrease, and copies of the plaintiff's mental health records.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, copies of his mental health records and the

---

[1] Plaintiff named Dave Ankenbrand as a defendant. His correct name is David Ankenbrand. This magistrate judge's report will refer to him as David Ankenbrand.

results of the Administrative Remedy Procedure (ARP), a true copy of which was previously filed in the record.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). If the moving party meets the initial burden of showing that there is no genuine dispute of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); Fed.R.Civ.P. 56(c); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). The nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Texas Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004). The trial court may not weigh the evidence or make credibility determinations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

**Unconstitutional Conditions of Confinement**

Plaintiff alleged that on March 31, 2010, he declared himself a mental health emergency and was placed on standard suicide watch. Plaintiff alleged that defendant Ankenbrand ordered that the plaintiff to be provided with a suicide mattress between the hours of 9:00 p.m. and 5:00 a.m. only. Plaintiff alleged that during the

day he had to lay on a cold rusty bunk or lay on the cold cement floor.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[2]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Id.*

The summary judgment evidence showed that on March 31, 2010, defendant Ankenbrand was notified by a corrections officer that the

---

[2] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting 'maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. at 302, 111 S.Ct. at 2326.

3

plaintiff was involved in a confrontation.[3] Following examination of the plaintiff, defendant Ankenbrand began the plaintiff on standard suicide watch based on the plaintiff's verbal threat/statement and his predisposition to escalate his behavior easily.[4] At the time of examination, the plaintiff was loud, upset and dramatic but not overtly psychotic in mood, manner, thinking or behavior.[5] Defendant Ankenbrand's assessment was that the plaintiff was not in acute distress, psychotic features were absent but there was an increased risk of self-harm.[6] Defendant Ankenbrand instructed security that the plaintiff was being placed on standard suicide watch, with a suicide mattress and one paper sheet, no mattress between the hours of 5:00 a.m. and 9:00 p.m. for safety, and no personal property.[7] Defendant Ankenbrand reevaluated the plaintiff the next day, April 1, 2010, and continued him on standard suicide watch.[8]

The summary judgment evidence showed that on April 2, 2010,

---

[3] Record document number 22-3, p.2, affidavit of David Ankenbrand.

[4] *Id.*

[5] *Id.*

[6] *Id.* at 3.

[7] *Id.*

[8] *Id.*

4

the plaintiff was evaluated by defendant Gilcrease who determined that the plaintiff was a possible threat to himself for secondary gain.[9] Defendant Gilcrease continued the plaintiff on standard suicide watch with

special mattress at bedtime, a paper sheet and paper gown only.[10]

On April 3, 2010, the plaintiff was seen by social worker Judy Soileau who assessed the plaintiff as currently having adequate coping skill and functioning, no current mental health concerns, and no acute distress was noted.[11] Soileau discontinued the standard mental health management order.[12]

Plaintiff did not allege, nor is there any evidence in the record, that the plaintiff was denied a single identifiable human need as a result of the conditions of his confinement while on standard suicide watch for the period between March 31, 2010 and April 3, 2010.

**Liability of Warden Cain**

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

---

[9] Record document number 22-6, p. 2, affidavit of Carol Duthu Gilcrease.

[10] *Id.* at 3.

[11] Record document number 22-9, plaintiff's mental health records.

[12] *Id.*

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**Supplemental Jurisdiction**

Plaintiff alleged that no mental health policy or regulation authorized the defendants to remove his mattress from his cell during the day.

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the

defendants' motion for summary judgment be granted and this action be dismissed without prejudice to any state law claim.

Baton Rouge, Louisiana, October 4, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE